4

GREGORY S. POWELL #182199
Assistant United States Trustee
ROBIN TUBESING #26680-49 [Indiana]
United States Department of Justice
Office of the United States Trustee
2500 Tulare Street, Suite 1401
Fresno, California 93721
Telephone: (559) 487-5002
Telecopier: (559) 487-5030

Attorneys for Tracy Hope Davis,
United States Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>PEDRO LOPEZ and<br>TERESA LOPEZ,<br><br>              Debtors. | Case No. 14-15532-B-13<br>Chapter 13<br><br>UST-001 |
| TRACY HOPE DAVIS,<br>United States Trustee,<br><br>              Plaintiff,<br>v.<br><br>PEDRO LOPEZ and<br>TERESA LOPEZ,<br><br>              Defendants. | A.P. No. 14-1146<br><br>DATE:  February 26, 2015<br>TIME:  9:00 a.m.<br>PLACE: United States Bankruptcy Court<br>         Department B, Courtroom 12<br>         2500 Tulare Street, Fifth floor<br>         Fresno, California<br><br>Judge:  W. Richard Lee |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

On February 26, 2015, the Court considered the United States Trustee's complaint. Robin Tubesing, Esq., appeared for the Plaintiff. The Defendants, Pedro and Teresa Lopez, failed to appear. Having reviewed the pleadings and considered the arguments, the Court now issues the following findings of fact and conclusions of law.

**FINDINGS OF FACT**

1. The Defendants have filed a total of four cases since September 23, 2011.

RECEIVED
March 05, 2015
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0005464149

1

**Case No. 1 (11-60556-A-7F)**

2. The Defendants filed a "skeletal" Chapter 7 voluntary petition on September 23, 2011.

3. The case was dismissed on October 11, 2011, for failure to file documents.

**Case No. 2 (13-11388-B-13F)**

4. The Defendants filed a "skeletal" Chapter 13 voluntary petition on February 28, 2013.

5. The case was dismissed on March 19, 2013, for failure to file documents.

6. The Defendants did not make any plan payments.

**Case No. 3 (14-14402-B-13F)**

7. The Defendants filed a "skeletal" Chapter 13 voluntary petition on September 4, 2014.

8. On September 18, 2014, the Defendants filed a motion to extend the deadline to file their documents.

9. The Defendants' motion to extend the deadline to file their documents was granted.

10. The case was dismissed on October 3, 2014, for failure to file documents.

11. The Defendants did not make any plan payments.

**Current Case (14-15532-B-13F)**

12. The Defendants filed a "skeletal" Chapter 13 voluntary petition on November 14, 2014.

13. On November 26, 2014, the Defendants filed a motion to extend the deadline to file documents.

14. The Defendants' motion to extend the deadline to file their documents was granted.

15. The case was dismissed on December 15, 2014, for failure to file documents.

16. The Defendants did not make any plan payments.

## JURISDICTION, VENUE, AND STANDING

This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157, and 11 U.S.C. § 1307(c). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (J) and (O). Venue is appropriate in this court pursuant to 28 U.S.C. § 1409(a).

Plaintiff has standing to bring this proceeding under 11 U.S.C. §§ 307 and 1307. Under 11 U.S.C. § 307, the United States Trustee may raise and be heard on any issue in any case or proceeding under title 11 (the "Bankruptcy Code"). 11 U.S.C. §1307 provides that the United States Trustee may request, after notice and a hearing, that the Court dismiss the case, for cause.

## CONCLUSIONS OF LAW

**A. DEFAULT JUDGMENT STANDARD**

The Plaintiff requests default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, as incorporated by Rule 7055 of the Federal Rules of Bankruptcy Procedure. The Plaintiff is entitled to entry of judgment by default as a matter of law because the Defendant has failed to appear, answer or otherwise defend the action. The Plaintiff's evidentiary submissions are sufficient proof of the elements necessary to grant relief as requested in the complaint.

**B. DISMISSAL UNDER 11 U.S.C. § 1307(c)**

The underlying bankruptcy case having been dismissed, this portion of the Plaintiff's complaint is moot.

**C. INJUNCTIVE RELIEF UNDER FED. R. CIV. P. 65**

The Defendants are serial bankruptcy filers. They have filed four abusive cases since September 23, 2011. The Defendants have failed to file their schedules in all four cases, despite seeking additional time to file the documents in two of the four cases.

The Defendants' pattern of successive filings, failure to file schedules, and failure to make plan payments is evidence of their willful failure to prosecute their case in good faith and to abide by the Bankruptcy Code and Rules. The Defendants' sole purpose in filing successive cases appears to be to invoke the automatic stay to hinder and delay creditors. The Defendants'

behavior constitutes an abuse of the bankruptcy system, and without an order barring refiling, the Defendants' creditors are at risk of further serial filings and abuse.

The Defendants' failure to perform duties imposed by the Bankruptcy Code constitutes willful behavior sufficient to impose a 180-day bar against refiling pursuant to 11 U.S.C. § 109(g)(1).  However, a 180-day bar is insufficient to protect the Defendants' creditors from the Defendants who have filed four abusive bankruptcy cases.  The Plaintiff has no adequate remedy at law.  The Defendants' actions and omissions hinder the administration of justice and cause creditors and the bankruptcy system irreparable harm.  The Defendants will continue to abuse the bankruptcy process unless this Court issues an injunction barring the Defendants from filing another bankruptcy case for two years.

## **CONCLUSION**

For the foregoing reasons, the Court concludes that the Defendants should be enjoined form filing any bankruptcy case for two years upon entry of the judgment, unless prior Court approval is obtained.  A separate order and judgment will be issued.

Dated: Mar 06, 2015

_____
W. Richard Lee
United States Bankruptcy Judge

4